Sullivan, J.
Cating, the plaintiff in this suit, and George Stewart, the defendant, were the sureties of one J. Stewart on two promissory notes for the sum of $95.00 each. Judgments were obtained for the amount of the two notes, with interest, &c., and the principal debtor becoming insolvent, Cating paid off the judgments, amounting to $200.
This proceeding was commenced before the justice of the peace, who rendered the judgments above referred to, and is *398 by notice and motion, under the 8th section of the act “ concerning debtors and their securities,” (R. S., 1838, p. 233), by which it is enacted that in cases where there are two or more sureties to any note, &e., and one or more of them shall be subjected, by the judgment of any Court to the payment of the debt or damages by default of the principal obligor, and such obligor be insolvent, &e., the Court that rendered such judgment shall, on motion of such surety or sureties, grant judgment that they recover against all and every other co-surety or sureties their respective proportions of such judgment, &c. The 11th section of the act requires ten days’ notice of such intended motion to be given in writing to the person against whom the judgment is to operate, if he be a resident of the State; if not a resident of the State, notice shall be given by publication, &c. The justice of the peace gave judgment for the plaintiff. An appeal was taken from the judgment of the justice, and the Circuit Court, on motion of the defendant, dismissed the suit.
The motion to dismiss was accompanied by an affidavit setting forth that the notice was served on the defendant in the county of Fountain, and not in the county of Warren. The objection to the legality of the service of the notice was not well taken. The only Court that has jurisdiction in this *summary proceeding, is the Court that rendered the judgment against the surety. The notice, which is preparatory to the motion, must, by the plain direction of the statute, be served on the defendant if he reside within the State. The service is, or may be, made by the plaintiff himself, who is not confined, as an officer would, be, to certain territorial limits in the service of process.
It is urged, moreover, in defense of the judgment of the Circuit Court, that as the proceedings in this case were neither by action of debt nor assumpsit, the justice had not jurisdiction to the amount sued for, though it. did not exceed $100. This point was settled in Steepleton v. MeNeely, (Ante, 76.) The justice having jurisdiction of the subject-matter to the amount sued for, had jurisdiction of the case.
i£. G. Gregory, for the plaintiff.
Per Guriam.—The judgment is reversed, with costs. Cause remanded, &c.